# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson | RE: 4 Summer Street, Norway, ME 04268 |
| Defendants Norway Savings Bank VK Yarmouth LLC dba Brentwood CTR for Health and Rehabilitation LLC | Mortgage: January 30, 2002 Book 3066, Page 260 |
| Party-In-Interest | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, **Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson**, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is the obligor and the total amount owed under the terms of the Note is Eighty Thousand Nine Hundred Ninety-Eight and 75/100 ($80,998.75) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is a resident of Westbrook, County of Cumberland, and State of Maine.

6. The Party-in-Interest, Norway Savings Bank, is located at 261 Main Street, Norway, ME 04268.

7. The Party-in-Interest, VK Yarmouth LLC dba Brentwood CTR for Health and Rehabilitation LLC, is located at 45 Memorial Circle, Augusta, ME 04330.

# FACTS

8. On October 26, 2000, by virtue of a Warranty Deed from Brent C. Angevine and Lori R. Angevine, which is recorded in the Oxford County Registry of Deeds in **Book 2877, Page 224**, the property situated at 4 Summer Street, County of Oxford, and State of Maine, was conveyed to the Defendants, Joseph W. Jackson and Sheila M. Jackson, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On January 30, 2002, the Defendants, Joseph W. Jackson and Sheila M. Jackson, executed and delivered to Chase Manhattan Bank USA, N.A. a certain Note in the amount of $60,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on January 30, 2002, the Defendants executed a Mortgage Deed in favor of Chase Manhattan Bank USA, N.A., securing the property located at 4 Summer Street, Norway, ME 04268 which Mortgage Deed is recorded in the Oxford County Registry of Deeds in **Book 3066, Page 260**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated September 1, 2016 and recorded in the Oxford County Registry of Deeds in **Book 5305, Page 102**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. Upon information and belief, on March 5, 2012 Sheila M. Jackson passed away leaving her estate to Joseph W. Jackson.

13. Upon information and belief, on June 12, 2017 Joseph W. Jackson passed away.

14. On or about January 29, 2018, a Petition for Formal Appointment of Special Administrator was filed in the Cumberland County Probate Court, Docket No. 2018-0133.

15. On or about September 3, 2019, the court found that the Appointment of Special Administrator was necessary and appointed Benjamin P. Campo, Jr., Esq. as Special Administrator.

16. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated September 25, 2018 and recorded in the Oxford County Registry of Deeds in **Book 5436**, **Page 373**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On September 23, 2019, the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property. *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

19. The Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, failed to cure the default prior to the expiration of the Demand Letter.

Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. Norway Savings Bank is a Party-in-Interest pursuant to a Mortgage in the amount of $24,125.00 dated July 15, 2008, and recorded in the Oxford County Registry of Deeds in **Book 4334**, **Page 118** and is in second position behind Plaintiff's Mortgage.

24. VK Yarmouth LLC dba Brentwood CTR for Health and Rehabilitation LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $37,712.77 dated July 20, 2017, and recorded in the Oxford County Registry of Deeds in **Book 5357**, **Page 674** and is in third position behind Plaintiff's Mortgage.

25. The total debt owed under the Note and Mortgage as of January 3, 2020 is Eighty Thousand Nine Hundred Ninety-Eight and 75/100 ($80,998.75) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $47,610.29 |
| Interest | $13,846.47 |
| Escrow/Impound Required | $8,794.61 |
| Late Fees | $116.00 |
| Total Advances | $10,631.38 |
| Grand Total | $80,998.75 |

26. Upon information and belief, the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is presently not in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 4 Summer Street, Norway, County of Oxford, and State of Maine. *See* Exhibit A.

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is presently in default on said Mortgage and Note, having failed to make the

monthly payment due July 5, 2016, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note. Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

32. The total debt owed under the Note and Mortgage as of January 3, 2020 is Eighty Thousand Nine Hundred Ninety-Eight and 75/100 ($80,998.75) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $47,610.29 |
| Interest | $13,846.47 |
| Escrow/Impound Required | $8,794.61 |
| Late Fees | $116.00 |
| Total Advances | $10,631.38 |
| Grand Total | $80,998.75 |

33. The record established through the Oxford County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

35. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, on September 23, 2019, evidenced by the Certificate of Mailing. *See* Exhibit F.

## COUNT II – EQUITABLE MORTGAGE

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. The intent of Sheila M. Jackson and Joseph W. Jackson and the original lender, Chase Manhattan Bank USA, N.A., on May 4, 2011, was to create a mortgage on the property commonly known as and numbered as 401 Miller Road, Waldoboro, ME 04572.

38. This intent is shown by the execution of a Promissory Note dated January 30, 2002 to Chase Manhattan Bank USA, N.A., in the amount of $60,500.00.

39. The value given at the time of the transaction was $60,500.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Sheila M. Jackson and Joseph W. Jackson, and Chase Manhattan Bank USA, N.A. on the date of the transaction, January 30, 2002, that a mortgage be granted on the subject property.

40. The aforesaid Promissory Note, specifically references 4 Summer Street, Norway, Maine 04268, as the "Property Address."

41. In addition to the aforesaid Promissory Note, Sheila M. Jackson and Joseph W. Jackson, executed a Mortgage on January 30, 2002, which particularly referenced exactly the same property address of 4 Summer Street, Norway, Maine 04268, which was referenced on the aforesaid Promissory Note.

42. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230 (Me. 2017).

43. This defect is not related to the original execution of the documents, nor the intent of the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, or Chase Manhattan Bank USA, N.A. but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

44. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny; *See, Deschaine*, Fn. 2, Fn 4; *Pushard,* Fn 14.

45. It was the intent of Sheila M. Jackson and Joseph W. Jackson and Chase Manhattan Bank USA, N.A., at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the owner and holder of the subject Promissory Note.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

48. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

49. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

50. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

51. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

52. The Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, has no personal liability in this matter.

53. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property, is in breach of the Note by failing to make payment due as of July 5, 2016, and all subsequent payments;

d) Find that Sheila M. Jackson and Joseph W. Jackson entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of Sheila M. Jackson and Joseph W. Jackson, and the original lender, Chase Manhattan Bank USA, N.A., on January 30, 2002 to create a mortgage on the property commonly known as and numbered as 4 Summer Street, Norway, Maine 04268.

f) Impose an equitable mortgage upon the property commonly known and numbered as 4 Summer Street, Norway, Maine 04268 for the benefit of the Plaintiff who currently owns the Note and manifested by the intent of the parties when the transaction was initially consummated;

g) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

h) Find that while the Defendant, Benjamin P. Campo, Jr., Esq., Special Administrator to the Estate of Joseph W. Jackson, has no personal liability in this matter, a Judgment in this

matter can be imposed *in rem* against the property commonly known as and numbered as 4 Summer Street, Norway, Maine 04268; and

i) For such other and further relief as this Honorable Court deems just and equitable.

                                       Respectfully Submitted,
                                       U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust,
                                       By its attorneys,

Dated: December 20, 2019

                                       /s/ John A. Doonan, Esq.
                                       /s/ Reneau J. Longoria, Esq.
                                       John A. Doonan, Esq., Bar No. 3250
                                       Reneau J. Longoria, Esq., Bar No. 5746
                                       Attorneys for Plaintiff
                                       Doonan, Graves & Longoria, LLC
                                       100 Cummings Center, Suite 225D
                                       Beverly, MA 01915
                                       (978) 921-2670
                                       JAD@dgandl.com
                                       RJL@dgandl.com