# NOTE

January 30, 2002        LEWSTON              Maine
[Date]                  [City]               [State]

4 SUMMER STREET, NORWAY, MAINE 04268
[Property Address]



### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 60,500.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
CHASE MANHATTAN BANK USA, N.A.
. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.125 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the 5th day of each month beginning on March 5, 2002. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on February 5, 2032, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 78828 Phoenix, AZ 85062-8828
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 449.22

### 4. BORROWER'S RIGHT TO PREPAY    SEE ATTACHED RIDER

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments    SEE ATTACHED RIDER

If the Note Holder has not received the full amount of any monthly payment by the end of XXXXX calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be XXXXX % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

EXHIBIT B

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

THE PROVISIONS CONTAINED IN THE "RIDER TO NOTE" SIGNED BY ALL BORROWERS NAMED HEREIN, ARE HEREBY INCORPORATED INTO AND SHALL AMEND AND SUPPLEMENT THIS NOTE.

_____ (Seal)
JOSEPH W JACKSON                    -Borrower
SSN:

_____ (Seal)
SHEILA M JACKSON                    -Borrower
SSN:

_____ (Seal)
                                    -Borrower
SSN:

_____ (Seal)
                                    -Borrower
SSN:

*(Sign Original Only)*

# RIDER TO NOTE

**Note Date:** January 30, 2002

For a valuable consideration, receipt of which is hereby acknowledged, both Borrower and Lender agree that this RIDER TO NOTE ("Rider") amends that certain Promissory Note ("NOTE") of date shown above, to which this Rider is attached. Borrower and Lender agree that this Note shall be subject to the following provisions, notwithstanding any provisions to the contrary contained in said Note or the Security Instrument given by Borrower to secure repayment of the Note.

(Check Box if Applicable)

[x] **LATE CHARGE FOR OVERDUE PAYMENTS**

If the Note Holder has not received the full amount of any monthly payment within 10 days of the payment due date shown on the monthly payment notice, I will pay a late charge to the Note Holder. The amount of the charge will be **the Greater of 6.0** % of my overdue payment of principal and interest or $ **or $29.00**. I will pay this late charge promptly but only once on each late payment.

[x] **PREPAYMENT PENALTY - FIRST  FIVE (5) YEARS  OF NOTE**

During the first **five (5) years** of this loan, Borrower may prepay the loan in an amount not exceeding twenty percent (20%) of the original principal amount in any twelve (12) month period without penalty. However, during the first **five (5) years** of this loan, a prepayment charge will be imposed on any amount prepaid in any twelve (12) month period in excess of twenty percent (20%) of the original principal amount of the loan. The charge imposed shall be an amount equal to the payment of **six (6)** months advance interest on the amount prepaid in excess of twenty percent (20%) of the original principal amount. After the first **five (5) years** of this loan, there shall be no prepayment penalty.

[N/A] **BALLOON PAYMENT**

THIS LOAN IS PAYABLE IN FULL AT THE END OF FIFTEEN (15) YEARS. BORROWER MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND THE UNPAID INTEREST THEN DUE. **THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.** BORROWER WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS BORROWER MAY OWN, OR BORROWER WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER BORROWER HAS THIS LOAN WITH, WILLING TO LEND BORROWER THE MONEY AT PREVAILING MARKET RATES, WHICH MAY BE CONSIDERABLY HIGHER OR LOWER THAN THE INTEREST RATE ON THIS LOAN. IF BORROWER REFINANCES THIS LOAN AT MATURITY, BORROWER MAY HAVE TO PAY SOME OR ALL CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN, EVEN IF BORROWER OBTAINS FINANCING FROM THE SAME LENDER.

[N/A] **NOTICE OF MATURITY** 

At least ninety (90) but not more that one hundred twenty (120) days prior to the Maturity Date, Lender must send Borrower a notice which states the Maturity Date and the amount of the large balloon payment which will be due on the Maturity Date (assuming all scheduled regular monthly payments due between the date of the notice and the Maturity Date are made on time).

_____  _____
JOSEPH W JACKSON                  SHEILA M JACKSON

_____  _____

ACD518- 04/2001

:272:   JACKSON



# ALLONGE TO MORTGAGE NOTE

LOAN NUMBER: 0014723878

NOTE DATED: January 30, 2002

LOAN AMOUNT: $60,500.00

MORTGAGOR(s): Joseph W Jackson & Sheila M. Jackson

PROPERTY ADDRESS: 4 Summer Street,
Norway, Maine 04268

Allonge to one certain Mortgage Note dated, **January 30, 2002** in favor of **Chase Manhattan Bank USA, N.A.**, executed by **Joseph W Jackson & Sheila M. Jackson.**

Pay to the order of:

without recourse

SELLER: Chase Bank USA, National Association, F/K/A Chase Manhattan Bank, USA, National Association

BY: _____

Typed Name: _____Ro'Quintessa Givens_____

Title: _____**Vice President**_____
Authorized Officer