## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF10 MASTER PARTICIPATION TRUST<br><br>PLAINTIFF<br><br>v.<br><br>BENJAMIN CAMPO, ESQ., SPECIAL ADMINISTRATOR OF THE ESTATE OF JOSEPH W. JACKSON,<br><br>DEFENDANT<br><br>AND<br><br>NORWAY SAVINGS BANK<br>VK YARMOUTH LLC dba BRENTWOOD CTR FOR HEALTH AND REHABILITATION<br><br>PARTY(IES) IN INTEREST | CIVIL ACTION NO:<br><br>2:19-cv-00573-DBH |

**4 Summer Street, Norway, Maine**
**Mortgage recorded in Oxford County Registry of Deeds in Book 3066 Page 260**

### ANSWER TO COMPLAINT FOR FORECLOSURE

NOW COMES Defendant Benjamin Campo, Esq., as Special Administrator of the Estate of Joseph W. Jackson, by and through its attorneys, Douglas McDaniel & Campo LLC, and hereby submit the following answer to the Plaintiff's Complaint for Foreclosure as follows:

### JURISDICTION AND VENUE

1. Special Administrator Defendant admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. Special Administrator Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Special Administrator Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

## PARTIES

4. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and hereby denies the same.

5. Special Administrator Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and hereby denies the same.

7. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and hereby denies the same.

## FACTS

8. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and hereby denies the same.

13. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and hereby denies the same.

14. Special Administrator Defendant admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Special Administrator Defendant admits the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Special Administrator Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and hereby denies the same.

21. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and hereby denies the same.

22. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and hereby denies the same.

23. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and hereby denies the same.

24. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and hereby denies the same.

25. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and hereby denies the same.

26. Special Administrator Defendant admits the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

## COUNT I – FORECLOSURE AND SALE

27. Special Administrator Defendant repeats and realleges paragraphs 1-26 with the same full force and effect as though fully stated herein.

28. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and hereby denies the same.

30. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and hereby denies the same.

31. Special Administrator Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint, and hereby denies the same.

33. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint, and hereby denies the same.

34. Paragraph 34 is a legal conclusion, in so much as an answer is required, Special Administrator Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35. The Document speaks for itself in so far as a response is required, Special Administrator Defendant hereby denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint

## COUNT II – EQUITABLE MORTGAGE

36. Special Administrator Defendant repeats and realleges paragraphs 1-35 with the same full force and effect as though fully stated herein.

37. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Plaintiff's Complaint, and hereby denies the same.

38. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Plaintiff's Complaint, and hereby denies the same.

39. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Complaint, and hereby denies the same.

40. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of Plaintiff's Complaint, and hereby denies the same.

41. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of Plaintiff's Complaint, and hereby denies the same.

42. Paragraph 42 is a legal conclusion, in so much as an answer is required, Special Administrator Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Plaintiff's Complaint, and hereby denies the same.

44. Paragraph 44 is a legal conclusion, in so much as an answer is required, Special Administrator Defendant denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

45. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of Plaintiff's Complaint, and hereby denies the same.

46. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of Plaintiff's Complaint, and hereby denies the same.

47. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of Plaintiff's Complaint, and hereby denies the same.

48. Paragraph 48 is a legal conclusion, in so much as an answer is required, Special Administrator Defendant denies the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49. Paragraph 49 is a legal conclusion, in so much as an answer is required, Special Administrator Defendant denies the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of Plaintiff's Complaint, and hereby denies the same.

51. Special Administrator Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of Plaintiff's Complaint, and hereby denies the same.

52. Special Administrator Defendant admits the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53. Paragraph 53 is a legal conclusion, in so much as an answer is required, Special Administrator Defendant denies the allegations contained in paragraph 53 of the Plaintiff's Complaint.

WHEREFORE, the Special Administrator Special Administrator Defendant prays that this Honorable Court respectfully dismiss this action and grant any such relief that he Court may deem necessary and proper under the circumstances.

## AFFIRMATIVE DEFENSES

54. Plaintiff's Complaint is barred for failure to state a claim upon which relief may be granted.

55. Plaintiff's Complaint is barred by the doctrine of statute of limitations.

56. Plaintiff's Complaint is barred by the doctrine of unclean hands.

Respectfully submitted,

Dated: January 17, 2020         /s/ Benjamin P. Campo, Esq., Maine Bar No. 9334
                                Attorney for Defendant Special Administrator
                                for the Estate of Joseph W. Jackson
                                bcampo@douglasmcdaniel.com

**DOUGLAS MCDANIEL & CAMPO LLC PA**
90 Bridge Street, Suite 100
Westbrook, ME 04092
(207) 591-5747